ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JEFFREY A. BACKHUS (CABN 200177)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5080
    FAX: (408) 535-5066
    jeffrey.backhus@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 23-00277 BLF |
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | |
| TOMAS RODRIGUEZ, JR., | Sentencing Date: October 29, 2024<br>Time: 9:00 a.m. |
| Defendant. | |

## I. INTRODUCTION

On August 22, 2023, the government filed a one-count Information charging the defendant, Thomas RODRIGUEZ Jr., with a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Possession with Intent to Distribute Methamphetamine) (Count One). The Information also included a Forfeiture Allegation, pursuant to 21 U.S.C. § 853(a). On January 24, 2024, RODRIGUEZ pled guilty without a plea agreement to Count One of the Information.

As discussed herein, the government agrees with probation and recommends a sentence of 70 months of imprisonment followed by a three-year period of supervised release on the terms recommended by Probation. This recommendation is based on RODRIGUEZ's conduct in this case, his

thirty prior convictions which include a prior conviction for possession of a controlled substance for sale, his history of possessing a firearm and ammunition, as well as his conduct while on pretrial release.

## II.     FACTS

On November 19, 2020, San Jose Police Department (SJPD), Special Operations METRO Unit were surveilling a subject with four outstanding felony warrants and positively identified RODRIGUEZ walking out of an apartment building. Officers on scene conducted a high-risk pedestrian stop on RODRIGUEZ and took him into custody.

During the process of taking RODRIGUEZ into custody, a small bag with methamphetamine fell out of his front sweatshirt pocket. During a search incident to arrest, an additional bag containing methamphetamine was located inside of the same pocket. RODRIGUEZ was also in possession of $1,412 cash in various denominations, and multiple small plastic zipper lock bags. Total amount of methamphetamine was approximately 236 grams.

A search warrant was obtained for RODRIGUEZ's residence where additional indicia of narcotics sales and transportation was located. A functioning firearm, three high-capacity magazines, and a narcotics pipe were also located. The firearm had a collapsible stock and pistol grip.

On April 20, 2021, RODRIGUEZ was arrested by federal agents in this case after previously having been in state custody. Ultimately, he was release from federal custody, but rather than take advantage of the many programs available to him while on pretrial release, RODRIGUEZ began a pattern of noncompliance. RODRIGUEZ's pretrial violations included being remanded into custody on August 27, 2021, after he was removed from the Newbridge Residential substance abuse treatment program for, among other things, testing positive for positive for methamphetamine, an incident of verbal aggression towards staff after being confronted about an inappropriate interaction with a female client, and being caught using a payphone in violation of program rules. PSR ¶ 5. After RODRIGUEZ was released from custody and ordered to reside at a Sober Living Environment (SLE), his noncompliance continued after he absconded from the SLE for a night. PSR ¶ 6. On April 8, 2022, the defendant reported to Pretrial Services and asked where he stayed that night. *Id*. The defendant reported he stayed with a female friend at a hotel because he was "going through a lot emotionally." *Id*. RODRIGUEZ's noncompliance continued with his May 16, 2022, arrest by the San Jose Police

Department for Assault with a Deadly Weapon. PSR ¶ 7. During the traffic stop, officers located an ounce of marijuana and a collapsible baton. *Id*. Following this arrest, RODRIGUEZ's was again released from custody and ordered to report to the Salvation Army to participate in their drug program. *Id*. However, on July 16, 2022, RODRIGUEZ left the program and remained a fugitive until his arrest on March 30, 2023. *Id*.

**III.    DISCUSSION**

The parties agree that RODRIGUEZ's Guidelines range is 92 months to 115 months. However, the government agrees with probation that a 70-month sentence along with three years of supervised release, and a $100 special assessment fee meets the goals of sentencing expressed in 18 U.S.C. § 3553(a). Among the many factors to consider are the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. *See* 18 U.S.C. §§ 3553(a)(1)-(2). The government believes that the time-served sentence recommended by RODRIGUEZ is nowhere near sufficient in this case. The government already gave RODRIGUEZ a tremendous sentencing break for agreeing not to charge him with a mandatory minimum. As explained below, the government's recommended sentence serves the goals of sentencing.

RODRIGUEZ's criminal history category is extremely aggravating. He has a criminal history category of VI is based on his convictions for, among other things, possession of a controlled substance paraphernalia, under the influence of a controlled substance, second degree burglary, possession of a controlled substance, false identification to peace officer, use/under the influence of a controlled substance, theft, take vehicle without owner consent, evade peace officer, obstruct public officer, prohibited own/etc. ammunition, transportation of controlled substances and possession of a controlled substance for sale. Notably, based on his criminal history, RODRIGUEZ has been involved in selling narcotics for a lengthy period. Specifically, when he was arrested and ultimately convicted on possession of a controlled substance on June 12, 2014, officers searched his cell phone and found several text messages indicating that he was actively transporting and selling narcotics. PSR ¶ 51. Officers then performed a search of RODRIGUEZ's person and located a plastic bindle of suspected

methamphetamine, a plastic bindle of suspected marijuana, a glass smoking pipe, and $400 in U.S. currency. *Id*. RODRIGUEZ also has a 2016 conviction for a violation of California Health and Safety Code Section 11378 (possession of a controlled substance for sale). Given his arrest in this case November 19, 2020, RODRIGUEZ has had personal involvement on multiple occasions in the possession/distribution of illegal drugs. The government believes that RODRIGUEZ has been supporting himself through drug trafficking for some time given his lack of significant employment history. PSR ¶ 90.

Furthermore, RODRIGUEZ has a history of firearm and ammunition possession. Following his November 19, 2020 arrest in this case, his residence was searched, and officers located, among other things, additional indicia of narcotics, a functioning firearm and three high-capacity magazines. RODRIGUEZ also has 2016 convictions for prohibited own/etc. ammunition and possession of a controlled substance for sale stemming from the same arrest. PSR ¶ 53. A case in which RODRIGUEZ was armed with a firearm and selling illegal narcotics underscore the danger to self, others, and the community.

Furthermore, RODRIGUEZ has already served a lengthy sentence of 60-months of imprisonment for his 2016 convictions for transport/etc. controlled substance (Two Counts), possess controlled substance for sale (Two Counts) and prohibited own/etc. ammo/etc. However, that lengthy sentence did nothing to stop him from continuing to commit crimes. If that sentence did not deter him, it is difficult for the government to see how the time-served or 24-month sentence recommended by the defense would have such an effect. The 70-month sentence recommended by probation and the government seems a necessary incremental step up in punishment for deterrent purposes. Finally, the sentence is justified by the need to protect the public from danger posed an individual with a history of drug trafficking and possessing ammunition and a firearm.

The requested sentence also considers RODRIGUEZ's lengthy history of drug addiction and very difficult upbringing. The government hopes that a 70-month sentence (which is a variance from his GUIDELINES range) will deter him from engaging in future criminal conduct and give him the opportunity to address his substance abuse issues.

The government believes that RODRIGUEZ's attempts at post-offenses rehabilitation that are

GOV'T SENTENCING MEM.  4
CR 23-00277 BLF

discussed in the defense's sentencing brief should be commended. However, the government does not believe they are enough to make up for a lifetime of drug trafficking and the damage that he has caused to the community. The government also agrees with pretrial's recommended supervised release conditions, which impose reasonable restrictions on the defendant's activities to encourage rehabilitation and respect for the law while deterring future criminal conduct and non-compliance with supervised release.

## IV. CONCLUSION

For the reasons set forth above, the government's recommended sentence reflects the seriousness of the defendant's criminal conduct and provides a significant deterrent to any future attempts to violate the law. The government's recommended sentence is sufficient, but not greater than necessary, to achieve the statutory purposes of sentencing, including deterrence, protection of the public, and rehabilitation.

DATED: October 24, 2024                                          Respectfully submitted,

                                                                 ISMAIL J. RAMSEY
                                                                 United States Attorney

                                                                 *Jeffrey A. Backhus*
                                                                 JEFFREY A. BACKHUS
                                                                 Assistant United States Attorney